IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LARRY EUGENE POLING, § | |
| #25006943, § | |
| PETITIONER, § | |
| § | |
| V. § | CIVIL CASE NO. 3:25-CV-1156-L-BK |
| § | |
| STATE OF TEXAS, § | |
| RESPONDENT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** as unexhausted.[1]

**I. BACKGROUND**

On May 6, 2025, Petitioner Larry Eugene Poling, a detainee in the Dallas County Jail, filed a letter seeking to file petition for writ of habeas corpus. Doc. 3. Because he was a county jail detainee, the pleading was docketed as a construed habeas petition under 28 U.S.C. § 2241, and the Court issued a deficiency order. Doc. 4. In his amended petition (the operative pleading), Poling challenges his probation revocation and the March 20, 2025 judgment

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS (Habeas Rule 4) ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

adjudicating guilt and sentencing him to 12 years' imprisonment. Doc. 5 at 2; *State v. Poling*, No. F-22-12389 (Crim. Dist. Ct. No. 4, Dallas Cnty., Tex., March 20, 2025). Specifically, Poling alleges due process violations related to a "meritless warrant," cumulative errors of the trial court, and prosecutorial misconduct, and requests that his probation be reinstated. Doc. 5 at 5-7. He confirms, however, that a direct criminal appeal is pending before the Texas Fifth Court of Appeals. Doc. 5 at 4.

Upon review, the Court finds that Poling's amended petition, construed as seeking relief under 28 U.S.C. § 2254, is unexhausted and should be dismissed without prejudice.

## II. ANALYSIS

### A. 28 U.S.C. § 2254 Governs the Habeas Corpus Petition

As an initial matter, the Court finds that Poling does not assert a viable claim under 28 U.S.C. § 2241. Poling challenges his probation revocation and adjudication of guilty in Case No. F22-12389. Thus, his petition should be correctly construed as seeking relief under 28 U.S.C. § 2254, which is reserved for habeas applications on "behalf of a person in custody pursuant to the judgment of a State court." See *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004) (concluding that § 2254 "confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments" (citation omitted)). Federal courts have generally interpreted § 2241 as a statutory grant of authority to issue habeas writs, while § 2254 is deemed to implement that authority with respect to state prisoners. See *Felker v. Turpin*, 518 U.S. 651, 662 (1996); *Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015).

In any event, as explained *infra*, Poling's claim cannot procced.

### B. The Petition is Unexhausted

Courts may raise the exhaustion requirement *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (discussing the court's duty under Habeas Rule 4 "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state" and highlighting the "long line of precedent establishing the authority of courts to raise non-jurisdictional defenses *sua sponte* in habeas cases" (citations omitted)); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)).

A state prisoner must exhaust all available state-court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state-court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Poling has not satisfied the exhaustion requirement. A review of his pleadings and a search of the applicable state court online docket sheets confirm that a direct criminal appeal

from the March 2025 judgment, adjudicating guilt and sentencing him to 12 years' imprisonment, is pending before the Texas Fifth Court of Appeals. Thus, the Texas Court of Criminal Appeals has not had an opportunity to consider Poling's claims and, consequently, they remain unexhausted.[2]

### III. CONCLUSION

Poling's amended petition for writ of habeas corpus, construed as seeking relief under 28 U.S.C. § 2254, should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c); Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.[3]

**SO RECOMMENDED** on May 30, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] The online docket information for Dallas County, the Fifth Court of Appeals, and Texas Court of Criminal Appeals, of which the Court has taken judicial notice herein, are available at DALLAS COUNTY, TEXAS COURTS PORTAL, https://search.txcourts.gov/CaseSearch.aspx?coa=coa05&s=c, and http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c, respectively (each last accessed May 27, 2025).

[3] The one-year statute of limitations for filing habeas corpus petitions in federal court applies to any habeas petition filed in this court. *See* 28 U.S.C. § 2244(d).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).