IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LARRY EUGENE POLING**, §<br>    #25006943, §<br>        Petitioner, §<br>  §<br>v. §<br>  §<br>**STATE OF TEXAS,**[1] §<br>  §<br>        Respondent. § | Civil Action No. **3:25-CV-1156-L-BK** |

# ORDER

On May 27, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 7) was entered, recommending that the court **dismiss without prejudice** this habeas action. No objections to the Report have been filed, and the 14-day period to object after service of the Report has passed. *See* Fed. R. Civ. P. 72(b)(1)(2); 28 U.S.C. § 636(b)(1)(C). For the reasons stated herein, the court **accepts** the Report.

Petitioner Larry Eugene Poling ("Petitioner" or "Mr. Poling") filed a letter, which the court construes as a Petition for Habeas Relief ("Petition") (Doc. 3) on May 6, 2025. Because Petitioner's letter did not include a petition for writ of habeas on the court-approved form, Magistrate Judge Renée Harris Toliver entered an Electronic Order and Notice of Deficiency (Doc. 4) on May 8, 2025, and ordered Petitioner to cure the deficiencies she identified and pay the filing fee or an application to proceed in forma pauperis. *See* Doc. 4. On May 27, Petitioner filed an Amended Petition, which is the live pleading (Doc. 5).

---

[1] On June 17, 2025, Petitioner filed a Motion for Amendment (Doc. 10). He was recently transferred to the Texas Department of Criminal Justice Correctional Institutions Division ("TDCJ-CID"). Rule 2(a) of the Rules Governing Section 2254 Cases provides that "the petition must name as respondent the state officer who has custody" of the petitioner. Because Petitioner challenges a conviction that has resulted in his incarceration in TDCJ-CID, the TDCJ-CID director has custody of him. Petitioner's motion to amend is therefore **granted,** and the TDCJ-CID Director is **substituted** as Respondent in this case in place of the State of Texas. Doc. 10.

Order – Page 1

The magistrate judge determined that Mr. Poling does not assert a viable claim under 28 U.S.C. § 2241. Report 2. She determined that Petitioner "challenges his probation revocation and adjudication of guilty in Case No. F22-12389," which should be construed as seeking relief under 28 U.S.C. § 2254. *Id.* Magistrate Judge Toliver determined that "[f]ederal courts have generally interpreted § 2241 as a statutory grant of authority to issue habeas writs, while § 2254 is deemed to implement that authority with respect to state prisoners." *Id.* (citing *Felker v. Turpin*, 518 U.S. 651, 662 (1996); *Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015)).

Second, the magistrate judge raised the exhaustion requirement *sua sponte*. *Id.* at 3 (citation omitted). Magistrate Judge Toliver determined that Petitioner has not satisfied the exhaustion requirement, as a review of his pleadings and searching the applicable state court online docket sheets confirms that there is a case pending before the Texas Fifth Court of Appeals. *Id.* at 3-4. As a result, the magistrate judge determined that the "Texas Court of Criminal Appeals has not had an opportunity to consider [Mr.] Poling's claims and, consequently, they remain unexhausted." *Id.* at 4. Because Petitioner failed to exhaust his state court remedies, the magistrate judge recommends that the court dismiss this action without prejudice. Report 4.

Having considered the Report, Complaint, and record, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** this action, as a result of Petitioner's failure to exhaust state court remedies.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability. The court accepts and incorporates by

reference the Report filed in this case in support of its finding that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[2] In the event that Petitioner files a notice of appeal, he must pay the $605 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 24th day of June, 2025.

Sam A. Lindsay
United States District Judge

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> **(a)  Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b)  Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.